**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **APRIL SIMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO.** |
| ) | |
| **CIRCLE CITY BROADCASTING I, LLC,** ) | |
| ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I.      NATURE OF THE CASE

1.      Plaintiff, April Simpson ("Plaintiff"), by and through counsel, brings this action against Defendant, Circle City Broadcasting I, LLC, ("Defendant"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. § 2000e *et. seq.*, the American with Disabilities Act of 1990, ("ADA") 42 U.S.C. § 12101 *et seq.*, the Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et. seq. as amended.

### II. PARTIES

2.      At all times relevant to her litigation, Plaintiff has been a resident of Indianapolis, Indiana within the geographical boundaries of the Southern District of Indiana.

3.      Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation

pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. 2000e-5(f)(3) and 42 U.S.C. §

12117(a).

5.      Defendant is an "employer" as that term is defined by 42  U.S.C. § 2000e(b).

6.      Plaintiff is an "employee" as that term is defined by 42 U.S.C. § 2000e(f).

7.      Plaintiff exhausted her administrative remedies by timely filing a Charge of

Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission

("EEOC") alleging discrimination based on disability, sex and retaliation. Plaintiff received her

Notice of Suit Rights and timely files this action within ninety (90) days of receipt.

8.      A substantial part of the events, transactions, and occurrences concerning this

lawsuit arose in the geographical environs of the Southern District of Indiana; thus, venue is

proper in this Court.

### IV. FACTUAL ALLEGATIONS

9.      Simpson is African American.

10.     In or around October 2010, Simpson was diagnosed with a brain tumor that left

her blind in the left eye. By November of that year, she became qualified as an individual with a

disability under the ADA's definitions.

11.     On September 26, 2023, Defendant hired Simpson as its Primary News Anchor

with a salary of $95,000. Defendant was aware of Simpson's disability and Simpson anchored

the 4pm, 6pm, and 10pm news segments, Monday through Friday.

12.     At all times relevant, Simpson met or exceeded Defendant's legitimate

performance expectations.

13.     During her employment, Simpson attended weekly meetings with Vice President Al Carl, Brand Management Consultant, Erika Facey and the Executive Producer of the 4pm show, Talor Bassett. The only constructive feedback she ever received was to "smile more"; no other input was received.

14.     Defendant employed two other anchors, Dakarai Turner (a gay male), the weekend anchor and Jeremy Jenkins (a gay male), the morning anchor, who both had salaries of $95,000 despite having supportive anchor roles that received less viewership than the primary broadcasts that Simpson anchored.

15.     On or around January 6, 2024, Simpson brought the gender based pay disparity she saw between herself, another woman and the other male anchors, to the attention of Vice President Carl and Dujuan McCoy, the owner of WISH-TV.

16.     On or around April 3, 2024, Defendant sent Simpson home for a "few days" with no stated reason.

17.     After she was sent home, Simpson was contacted by coworkers who inquired about her termination. Simpson was unaware she had been terminated.

18.     On or around April 5, 2024, Simpson received a termination letter from Defendant and was officially terminated. Defendant stated Simpson had difficulty embracing digital media, appeared unengaged on camera, did not take feedback seriously, and had issues reading the teleprompter. None of these stated reasons were mentioned in the weekly meetings attended by Simpson and management and the majority of the alleged issues were related to  Simpson's disability.

19.     Similarly situated male and/or gay Anchors, Turner and Jenkins, have been treated more favorably by Defendant.

## V. CAUSES OF ACTION

### COUNT I: ADA - DISABILITY DISCRIMINATION

20.     Simpson hereby incorporates paragraphs one (1) through nineteen (19) of her Complaint.

21.     Defendant discriminated against Simpson on the basis of her disability by subjecting her to disparate treatment.

22.     Defendant discriminated against Simpson on the basis of her disability by not attempting to reasonably accommodate her.

23.     Defendant's actions were intentional, willful and in reckless disregard of Simpson's legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 et. seq.

24.     Simpson has suffered damages as a result of Defendant's actions.

### COUNT II: TITLE VII - RETALIATION

25.     Simpson hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint.

26.     Simpson engaged in a protected activity when she reported that she was being underpaid compared to others outside of her protected classes.

27.     Defendant retaliated against Simpson for engaging in protected activity by terminating her employment.

28.     Defendant's actions were intentional, willful, and taken in reckless disregard of Simpson's rights as protected by Title VII.

29.     Simpson has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: TITLE VII- SEX DISCRIMINATION

30.     Simpson hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint.

31.     Simpson identifies as a female heterosexual individual.

32.     Defendant violated Simpson's rights as protected by Title VII of the Civil Rights Act of 1964 by discriminating against her due to her gender and/or sexual orientation.

33.     Simpson was paid less than her co-workers and later terminated from employment because of her gender and/or sexual orientation.

34.     Defendant's actions were intentional, reckless, and/or taken with reckless disregard for Simpson's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

35.     Simpson has suffered damages as a result of Defendant's unlawful actions.

## COUNT IV- EPA

36.     Simpson hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint.

37.     Defendant paid Simpson the same salary as her male peers despite the fact that her male peers held lower positions which required less skill, effort and responsibility, which were performed under similar working conditions.

38.     Defendant's actions were intentional, willful, and taken in reckless disregard of Simpson's legal rights.

39.     Defendant's unlawful actions have violated Simpson's rights as protected by the Equal Pay Act, 29 U.S.C. §§ 206(d).

40.     Simpson has suffered damages as a result of Defendant's unlawful actions.

## COUNT V: FLSA- RETALIATION

41.     Simpson hereby incorporates paragraphs one (1) through forty (40) of her Complaint.

42.     Simpson engaged in protected activity under the FLSA when she presented the pay disparity between her and men who were employed in lesser positions.

43.     Defendant terminated Simpson's employment because she engaged in activity protected by the FLSA.

44.     Defendant's actions were intentional, willful, and in reckless disregard of Simpson's rights as protected by the FLSA.

45.     Simpson suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

**WHEREFORE**, Plaintiff, April Simpson, by counsel, respectfully requests that this Court enter judgment in her favor and order that the Defendant:

1.      Reinstate Plaintiff to the position, salary and seniority level with all perquisites of employment lost as a result of Defendant's actions, or award front pay in lieu thereof;

2.      Order that Plaintiff be awarded any back pay she would have earned, including fringe benefits with related money benefits and interests thereon, absent Defendant's unlawful acts;

3.      Award Plaintiff compensatory damages for Defendant's violations of the ADA, Title VII, and retaliation under the FLSA;

4.      Award Plaintiff punitive damages for Defendant's violations of the ADA, Title VII, and retaliation under the FLSA;

5.    Award the Plaintiff liquidated damages for Defendant's violations of the EPA;

6.    Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

7.    Award Plaintiff pre- and post-judgment interest on all amounts recovered;

8.    Pay to Plaintiff any and all other legal and/or equitable damages this Court sees fit to grant.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Email: ad@bdlegal.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, April Simpson, by counsel requests a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Andrew Dutkanych*
Andrew Dutkanych III
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone: (317) 991-4765
Email: ad@bdlegal.com
*Attorney for Plaintiff*

7